IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MCKINLEY T. WILLIAMS, | ) | C/A No. 4:08-2647-HFF-TER |
| | ) | |
| PETITIONER, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| ROBERT STEVENSON, WARDEN BRCI, | ) | |
| | ) | |
| | ) | |
| RESPONDENT, | ) | |
| | ) | |

Petitioner, McKinley T. Williams, ("petitioner/Williams"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on July 25, 2008. Respondent filed a motion for summary judgment on October 6, 2008, along with supporting memorandum. The undersigned issued an order filed October 7, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. On November 4, 2008, petitioner filed a response in opposition to the motion for summary judgment.

## I. PROCEDURAL HISTORY

The procedural history as set out by the respondent has not been seriously disputed by the

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

petitioner. Therefore, the undisputed procedural history as stated by the respondent is set forth herein.

Petitioner is presently confined in the Broad River Correctional Institution, of the South Carolina Department of Corrections (SCDC), as the result of his Beaufort County conviction and sentence for distribution of crack cocaine, third offense. The Beaufort County Grand Jury indicted petitioner at the January 2004 term of court for distribution of crack cocaine, third offense (04-GS-07-0032). App. pp. 165-66. Trasi Campbell, Esquire, represented him on these charges.

On March 4, 2004, petitioner received a jury trial before the Honorable Perry M. Buckner. The jury found him guilty as charged; and Judge Buckner sentenced him to twenty-five years imprisonment. App. pp. 1-161; 167-69.

Petitioner timely served and filed a notice of appeal. Acting Deputy Chief Attorney Wanda P. Haigler, of the South Carolina Office of Appellate Defense represented him on appeal. Ms. Haigler filed a Final Anders Brief of Appellant on petitioner's behalf (App. pp. 45-56) and requested to be relieved as counsel on March 21, 2005. The Final Anders Brief of Appellant presented the following issue for review:

> The lower court erred in failing to hold a hearing on the defense's use of its peremptory strikes.

Final Anders Brief of Appellant at p. 3. It does not appear that petitioner filed a *pro se* response to this brief.

On October 27, 2005, the South Carolina Court of Appeals dismissed petitioner's appeal and granted counsel's petition to be relieved, in an unpublished Opinion. State v. McKinley Williams 2005-UP-568 (S.C. Ct.App., Oct. 27, 2005). App. pp. 186-87. The South Carolina Court of Appeals

2

sent the Remittitur to the Beaufort County Clerk of Court on November 15, 2005. App. p. 185.

Petitioner filed a pro se Post-Conviction Relief (PCR) Application (2006-CP-07-0283) on February 7, 2006. He alleged the following grounds for relief in his Application:

1. Excessive sentence pursuant to the quantity of drug[s]. Because the quantity of crack cocaine in this case is less than one gram (specifically 0.22 grams), and the instant offense is a third offense, a lawful term of sentence is not more than fifteen years, and applicant is unambiguously entitled to RE-SENTENCING .

2. Trial attorney was clearly deficient for failing to argue that the drug quantity is only relevant for the imposition of sentence, and this failure has greatly prejudiced applicant by way of an excessive sentence based on the quantity of drug[s].

App. pp. 171-78. The State filed its Return and Motion to Dismiss on May 18, 2006. The State argued that the PCR judge should summarily dismiss petitioner's claim that he received an excessive sentence because the sentence he received was within the range of the statutory limits. App. pp.188-93.

The Honorable R. Markley Dennis, Jr. held an evidentiary hearing into the matter on August1, 2006, at the Beaufort County Courthouse. Petitioner was present at the hearing; and William G.Jenkins, Jr., Esquire, represented him. Assistant Attorney General Colleen E. Dixon represented the State. Petitioner testified on his own behalf, while the State presented the testimony of trial counsel, Ms. Campbell. App. pp. 194-215.

Petitioner then submitted a *pro se* filing. App, pp. 224-29. Assistant Attorney General Dixon wrote the Beaufort County Clerk of Court on August 14, 2005, and took the position that his pleading was not part of the action, citing Rule 11, SCRCP.2 This pleading was not filed by the Clerk of Court. Id. See also Foster v. State, 298 S.C. 306, 379 S.E.2d 907 (1989) (PCR petitioner,

represented by counsel, did not have any right to hybrid representation); Koon v. Clare, 338 S.C. 423, 527 S.E.2d 357 (2000) (same); State v. Stuckey, 333 S.C. 56, 508 S.E.2d 564 (1998) (criminal defendant does not have right to hybrid representation at trial and on appeal).

On September 18, 2005, Judge Dennis filed an Order of Dismissal, in which he denied relief and dismissed the Application with prejudice. The Order of Dismissal addressed Petitioner's claims that trial counsel was ineffective because he failed to (1) object to an audiotape that was entered at trial of the drug exchange between himself, the confidential informant, and the Naval Investigative Services (NIS) Agent who had accompanied the confidential informant to the scene and (2) object to the NIS Agent's testimony because her testimony was, in petitioner's estimation, barred by the separation of powers. Also, the Order of Dismissal addressed petitioner's allegation that the sentence that he received was excessive for the quantity of drugs that he was convicted of distributing. App. pp. 217-22.

Mr. Jenkins served and filed a timely notice of appeal on petitioner's behalf on October 9, 2006. Assistant Appellate Defender Robert M. Pachak thereafter represented him in collateral appellate proceedings. On March 23, 2007, Mr. Pachak filed a Johnson Petition for Writ of Certiorari on petitioner's behalf and petitioned to be relieved as counsel. The only question presented in the Johnson Petition was stated as follows:

> Whether petitioner's sentence was excessive and whether defense counsel was ineffective in failing to object to petitioner having to serve 85% of his sentence?

Johnson Petition for Writ of Certiorari at p. 2. Petitioner thereafter filed a *Pro Se* Petition for Writ of Certiorari, in which he raised the following:

> Whether it is a violation of petitioner's 5th and 14th Amendment of
> the United States constitutional rights to due process of law and equal

> protection under the law for assist. Atty. General Colleen E. Dixon to prevent the petitioner from filing a pro se motion under rules 59(e) and 60(b) of SCRCP by writing the Honorable Elizabeth M. Smith, Beaufort County Clerk of Court, and informing her not to file the pro se motion under Rule 11 of SCRCP?

The South Carolina Supreme Court filed an Order on February 21, 2008, in which it denied certiorari. The Remittitur was sent to the Beaufort County Clerk of Court on March 10, 2008.

## II. HABEAS ALLEGATIONS

GROUND ONE: Petitioner's sentence was excessive.

SUPPORTING FACTS: Petitioner was sentenced to the maximum of 25 years imprisonment for allegedly selling only 0.22 grams of cocaine.

GROUND TWO: Ineffective assistance of counsel.

SUPPORTING FACTS: Counsel rendered ineffective assistance for failing to object to Petitioner being sentenced as a violent offender which has caused him to serve 85% of his sentence.

(Petition).

## III. SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir.

1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the defendants are "entitled to judgment as a matter of law" under Rule 56(c) because the petitioner has failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

### IV. STANDARD OF REVIEW

Since Williams filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

6

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases . . . A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.
>
> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of

7

> the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

Id. at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.

## V. MERITS

### Ground One

In Ground One of the habeas petition, petitioner asserts that his sentence was excessive in that he was "sentenced to the maximum of 25 years imprisonment for allegedly selling only 0.22 grams of cocaine."

Respondent first argues that this claim is procedurally barred alleging petitioner did not raise this claim to the PCR court. Specifically, respondent argues as follows:

> Petitioner testified at the PCR hearing that he believed that the sentence that he received was excessive for the quantity of drugs that he was convicted of distributing. However, he did not allege, argue or testify that th[e] sentence was in violation of any constitutional right. To the contrary, PCR counsel conceded that the sentence was lawful and that there was no basis for an ineffectiveness claim on counsel's failure to object to the sentence, but Petitioner continues to assert the allegations in this Application.

(Respondent's memorandum, p. 8-9).

A review of the PCR application reveals that petitioner raised the issue of excessive sentence pursuant to the quantity of drug. A review of the PCR court's decision reveals the PCR judge found the following, quoted verbatim, in part:

> The Applicant testified that she was experienced in criminal law and had spent a significant amount of time working in the public defender's office. She further testified that she was appointed to the case and met with the Applicant on a number of occasions to discuss the case. . . .
>
> . . . Counsel stated and the evidence presented to the court showed that the Applicant was convicted of distribution of crack cocaine-3rd offense. This Court notes that distribution of crack does not require a specific amount of drugs and that the Applicant had the requisite two prior convictions in order to enhance the current offense to a third.

(Tr. 219).

The PCR court further held the following:

> Further, this Court finds that the sentence for distribution of crack cocaine 3rd offense does not depend on the amount of drugs with which one is charged, but the number of prior offenses of which the accused has been convicted. There has been no evidence nor testimony to refute that the Applicant had at least two prior drug convictions, including a 1993 conviction for possession of crack, a 1993 conviction for distribution of crack, and a 1994 conviction for possession with intent to distribute crack. Sentencing judges are given discretion as to the sentence imposed and the sentence given to the Applicant is within the range dictated by statute.

(Tr. 221).

Respondent argues that petitioner did not allege or argue that the sentence was in violation of any constitutional right in the PCR and the Order of Dismissal does not reference the United States Constitution. Respondent asserts that petitioner did raise a due process argument in his Johnson petition for Writ of Certiorari but the state supreme court would not have considered the argument because it was not presented to and ruled on by the PCR judge. Respondent argues that the

issue was not raised below, the state supreme court would not have addressed the constitutional argument for the first time on certiorari, when petitioner could have but did not raise the same argument in the PCR court. Respondent further argues that the PCR court's ruling and this argument is based on state statutory law which does not state a claim upon which federal habeas corpus relief may be granted.

The undersigned recommends that this issue be dismissed because claims arising from state law are not cognizable. A state court's decision on a question of state law is binding in federal court. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Thomas v. Davis, 192 F.3d 445, 449 n. 1 (4th Cir. 1999). The PCR court held that "distribution of crack cocaine 3rd offense is a violent crime as defined statutorily and, as required by statute, the Applicant is required to serve 85% of his sentence . . . " (Tr. 221). The court and the solicitor both announced at sentencing that petition's criminal record consisted of convictions for possession of crack cocaine on January 19, 1993, distribution of crack cocaine on June 30, 1993, and possession with intent to distribute crack cocaine on December 5, 1994. (Tr. 151-152). Furthermore, it was announced by petitioner's counsel and confirmed by the trial judge that based on the fact it was a fourth offense, the court's sentencing authority is up to thirty (30) years. However, counsel requested that the court not give the maximum sentence but consider "giving Mr. Williams a 15 year sentence." (Tr. 154).

This issue involves state statutory law and the state PCR court and the state Supreme Court denied any relief on this issue. A state court's decision on a question of state law is binding in federal court. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Thomas v. Davis, 192 F.3d 445, 449 n. 1 (4th Cir. 1999). The state court decisions did not involve a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. Thus, the undersigned recommends that the respondent's motion for summary judgment be granted on this issue.

As the undersigned finds that this issue as raised in the PCR court arises from state statutory law and should be dismissed, the issue of whether or not this claim is procedurally defaulted need not be determined in this report and recommendation.[2]

**Ground Two:**

In Ground Two, petitioner asserts a claim for ineffective assistance of counsel arguing that counsel erred in not objecting to petitioner being sentenced as a violent offender which has caused him to serve 85% of his sentence.

Respondent first argues that this claim was abandoned by collateral counsel at the PCR hearing when he conceded that the sentence was lawful and that there was no basis for an ineffectiveness claim on counsel's failure to object to the sentence, but petitioner continued to assert the allegations in his Application. Respondent alternatively argues that because the state PCR judge did not rely upon the theory of abandonment in the order of dismissal, the state courts' rejection of petitioner's claim was not "contrary to" and did not involve an "unreasonable application of "clearly established" United States Supreme Court precedent.

---

[2] To avoid a procedural default, an issue must be presented directly and squarely to the South Carolina Supreme Court on certiorari review. *See Joseph v. Angelone*, 184 F.3d 320, 328 (4th Cir.1999), *cert. denied*, 528 U.S. 959, 120 S.Ct. 392, 145 L.Ed.2d 305 (1999) ["In order to avoid procedural default [of a claim], the 'substance' of [the] claim must have been 'fairly presented' in state court.... That requires 'the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."] (quoting *Townes v. Murray*, 68 F.3d 840, 846 (4th Cir.1995) (*quoting Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir.1994)).

11

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessioal errors, the result of the proceeding

12

> would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added.)

In Lockhart v. Fretwell, 506 U.S. 364 (1993), the Supreme Court clarified its definition of prejudice quoted above, stating that "an analysis focusing solely on mere outcome determination . . . is defective." Instead, an appropriate analysis of prejudice should consider "whether the result of the proceeding was fundamentally unfair or unreliable." Therefore, a court analyzing the prejudice prong should not "set aside a conviction or sentence solely because the outcome would have been different but for counsel's error." See Williams v. Taylor, Nos. 98-14, 98-16, 1998 WL 883336 (4th Cir. Va. Dec. 18, 1998) (quoting Lockhart, at 369-70).

A review of the PCR court's Order of dismissal reveals the PCR Judge found as follows:

> The applicant has failed to show that trial counsel was deficient in her performance or that prejudice resulted therefrom. On the contrary, trial counsel's defense strategy was well thought out. . . .
> The Applicant has made an argument that counsel was ineffective for failing to object to the requirement that he serve 85% of his sentence; however, distribution of crack cocaine 3rd offense is a violent crime as defined statutorily and, as required by statute, the Applicant is required to serve 85% of his sentence, despite any objection trial counsel might have made. Trial counsel is not required to object to statutory requirements. This allegation is without merit and is therefore denied and dismissed.

(Tr. 220-221).

A state court's finding on a claim of ineffective assistance of counsel is a combination of a

finding of fact and a conclusion of law. Although applicable precedents may require this court under 28 U.S.C. §2254, to make its own determination of both the performance and (if necessary) the "prejudice" components highlighted in Strickland, 466 U.S. 668, the historical facts decided by a court of a state in a claim of ineffective assistance of counsel remain subject to deference. See Hoots v. Allsbrook, 785 F.2d 1214, 1219 & n. 6 (4th Cir. 1986) ("old" § 22254(d) standard) and Williams, supra.

The undersigned has reviewed the record and concludes that respondent's motion for summary judgment should be granted on this issue. The record supports the PCR judge's finding that the petitioner has not demonstrated that his attorney's performance was deficient by showing that his representation fell below an objective standard of reasonableness and, further, he has not shown that the attorney's performance actually prejudiced him. Based on statutory law, it would not have made a difference whether counsel objected or not as the time period was set by statute. As the PCR court's rejection of the ineffective assistance of counsel ground for relief did not result in an unreasonable application of Hill and Strickland and was not based upon an unreasonable determination of facts in light of the state court record, this ground is without merit.

## VI. CONCLUSION

Based on the reasons set out above, it is RECOMMENDED that respondent's motion for summary judgment (document # 10) be GRANTED and the petition dismissed without an evidentiary hearing. Further, it is recommended that any outstanding motions be deemed moot.

                                                  Respectfully Submitted,

                                                  s/Thomas E. Rogers, III
                                                  Thomas E. Rogers, III
                                                  United States Magistrate Judge

July 30, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**